UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **BENJAMIN MORLEY**          ) | |
|                              ) | |
| **Plaintiff,**               ) | |
|                              ) | |
| vs.                          ) | **Civil Action No.: 5:21-cv-272** |
|                              ) | |
| **STATE OF VERMONT,**        ) | |
| **GOVERNOR'S WORKFORCE**     ) | |
| **AND EQUITY AND DIVERSITY COUNCIL ,** ) | |
| **VERMONT DEPT OF HUMAN RESOURCES,** ) | |
| **VERMONT DEPARTMENT OF AGING AND** ) | |
| **INDEPENDENT LIVING,**      ) | |
| **VERMONT DIVISION OF VOCATIONAL** ) | |
| **ALLISON LAND, in her individual and official** ) | |
| **capacity**                 ) | |
| **HIBBARD DOE, in his individual capacity**    ) | |
| **ELIZABETH HARRINGTON, in her individual** ) | |
| **and official capacity**    ) | |
| **DIANE DALMASSE, in her individual and**      ) | |
| **official capacity**        ) | |
| **KAREN BLAKE-ORNE, in her individual and**    ) | |
| **official capacity**        ) | |
| **HEATHER BATALION, in her individual and**    ) | |
| **official capacity,**       ) | |
|                              ) | |
| **Defendants.**              ) | |

## REPLY TO MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY  INJUNCTION

**COMES NOW**  Plaintiff Benjamin Morley ("Morley") , by and through his attorney, Deborah T. Bucknam, Esq., of Bucknam Law, P.C.,  and hereby replies to Defendants' opposition to Plaintiff's Motion for Preliminary Injunction.  This Reply will address the issues of irreparable injury and the balance of equities.  The issue concerning success on the merits will be addressed in Plaintiff's opposition to the Defendants' motion to dismiss, which will be filed at a

later date.

I. **Plaintiff can demonstrate irreparable harm**

The Defendants claim that Plaintiff cannot demonstrate irreparable harm. They base their claim on their assertion that further Diversity Equity and Inclusion ("DEI") indoctrination is not scheduled for at least a year, and therefore is not "actual or imminent".

The Defendants do not dispute the Plaintiff's assertion that violations of First Amendment rights are presumed to be irreparable. ("Because violations of First Amendment rights are presumed irreparable, the very nature of [plaintiff's] allegations satisfies the requirement that he show irreparable injury.") *Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir. 2000) ("We do not gainsay the principle that those who are unable to exercise their First Amendment rights are irreparably injured *per se*.") *Kane v. De Blasio*, 19 F.4th 152, 171 (2d Cir. 2021)

However, the Defendants claim that because Plaintiff will not be subjected to the "equity audit" which the Defendants claim will not be implemented for for at least a year, his First Amendment rights are not infringed. To the contrary, as indicated by the accompanying affidavit, [Exhibit 1] Morley's First Amendment rights are chilled, and continue to be chilled by actions by the Defendants.

II. **The Harm to the Plaintiff is present and ongoing**

In order to prevail on a motion for preliminary injunction, a party must articulate a "'specific present objective harm or a threat of specific future harm' to establish a cognizable claim based on the chilling of first amendment rights " *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 766 F.2d 715, 722 (2d Cir. 1985). As indicated by Exhibit 1, DEI indoctrination is continuing. It is part of monthly non-mandatory trainings, as well as being

part of mandatory trainings. In addition, as indicated by Exhibit 1, Morley continues to be discriminated against because of his outspoken objection to the indoctrination. That in turn has chilled his First Amendment free speech and free exercise rights.

### III. The Equities favor the issuance of a preliminary injunction

It is axiomatic that in determining whether to issue preliminary injunction requires the balancing of equities. The Second Circuit has found that, when the government is involved, the determination of public interest is part of the analysis of balancing of the equities. ("When the government is a party to the suit, our inquiries into the public interest and the balance of the equities merge.") *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 295 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). Here the public interest favors the plaintiff. Continuing to indoctrinate hundreds of Vermont state employees in a racist ideology at taxpayer expense is not in the public interest; and stopping the indoctrination until a hearing on the merits will not harm the operation of state government services in any way.

Dated at Walden, Vermont this 5th day of January, 2022

**BENJAMIN MORLEY**

*Deborah T. Bucknam*

By: _____
Deborah T. Bucknam, Esq.
Bucknam Law, PC
434 Eastman Road
Walden, Vermont 05836
802-748-5525
dbucknam@vtlegalhelp.com